IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| TIMOTHY SEIFERT, | ) | 8:18CV166 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| DONALD W. KLEINE, as Douglas County, Nebraska Prosecutor, | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's correspondence dated April 25, 2018 (Filing No. 7), which the court liberally construes as a voluntary dismissal request made pursuant to Federal Rule of Civil Procedure 41(a)(2). This rule provides that "an action may be dismissed at the plaintiff's request ... on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Plaintiff is a prisoner who is appearing pro se. He was granted leave to proceed in forma pauperis ("IFP") on April 18, 2018. Pursuant to 28 U.S.C. § 1915(b)(1), the court's order granting IFP status provides that Plaintiff is required to pay an initial partial filing fee of $14.93 by May 18, 2018, and that Plaintiff's institution must then collect and forward to the court additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). (Filing No. 6)

Plaintiff states in his correspondence that he wishes to withdraw his complaint because "there is no sense in me pursuing a case, that I cannot hope to win," but also states, "I cannot afford the $350.00 charge for filing fees ... nor can I afford to have any amount taken out of my inmate pay" (Filing No. 7) (spelling and punctuation modified). Plaintiff also requests the clerk of the court to "send a notice of my withdrawal to my institution ASAP, so that they will not take any of my funds off my inmate account." (*Id.*)

As the court informed Plaintiff in its previous Memorandum and Order granting IFP status, the Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001). Plaintiff was also informed that he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See id.*

Because it appears Plaintiff's request to withdraw his Complaint was based, at least in part, on the mistaken belief that he would no longer be obligated to pay the $350.00 filing fee if the action was dismissed, the court will deny the request at this time and will not treat Plaintiff's correspondence as effecting a dismissal under Rule 41(a)(1).[1] However, if Plaintiff does not pay the initial partial filing fee of $14.93 by May 18, 2018, or obtain an extension of time for payment, the case will become subject to dismissal for noncompliance with the court's order. If, on the other hand, the initial partial filing fee is paid, the court will then conduct an initial review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) to determine whether summary dismissal is appropriate or whether the case should proceed to service of process.

IT IS THEREFORE ORDERED that Plaintiff's request for dismissal of this action (Filing No. 7) is denied without prejudice.

DATED this 4th day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[1] Rule 41(a) states that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).