IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TIMOTHY SEIFERT, | ) | 8:18CV166 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DONALD W. KLEINE, as Douglas County, Nebraska Prosecutor, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Plaintiff, Timothy Seifert, is a federal prisoner who is currently confined at Terre Haute FCI in Indiana. He has been granted leave to proceed in forma pauperis and has paid his initial partial filing fee. The court now conducts an initial review of Petitioner's pleading to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF PETITION

Seifert seeks the issuance of a writ of mandamus, pursuant to 28 U.S.C. § 1651, to compel the Douglas County Attorney to dismiss a criminal complaint that was filed in the County Court of Douglas County, Nebraska, on December 19, 2011, alleging that Seifert made terroristic threats in violation of Neb. Rev. Stat. § 28-311.01(1)(a), a Class IV felony. Seifert alleges that an arrest warrant was posted to the National Crime Information Center database by the County Attorney,[1] and, as a result, that Seifert is ineligible for early release from prison, placement in a low security facility, and participation in various rehabilitation programs. Seifert further claims the County Attorney has acted to prevented the Clerk of the Douglas County Court from filing Seifert's demands for speedy trial and motions to dismiss in the criminal case.

---

[1] Seifert alleges the Bureau of Prisons notified him of the warrant on February 1, 2013.

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted,[2] or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

## III.  DISCUSSION OF CLAIMS

Rule 81(b) of the Federal Rules of Civil Procedure has abolished the writ of mandamus in civil actions in federal district courts.  *Booker v. State of Arkansas*, 380 F.2d 240, 242 (8th Cir. 1967), *abrogated on other grounds by Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).  Relief in the nature of mandamus is confined to situations where it is in necessary aid of the court's jurisdiction. *Id.* Such relief may be granted only in instances where, before adoption of Rule 81(b), the remedy of mandamus would have been available. *Haggard v. State of Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). In the absence of special statutory authority, a federal court can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it. *Id.* at 1386.

---

[2] Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

A federal court cannot issue a writ of mandamus that compels state officials to comply with state law. *State ex rel. Skaggs v. Brunner*, 588 F. Supp. 2d 828, 833 (S.D. Ohio 2008) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 106 (1984)). A federal court may issue a writ of mandamus ordering a state official to enforce rights protected by federal law. *Id.* However, "[i]t is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought." *Id.* (quoting *Haggard*, 421 F.2d at 1386).

Because Seifert seeks only the issuance of a writ of mandamus, his Petition must be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. *See, e.g., Cook v. Hinrichs*, 500 F. Supp. 2d 1225, 1227 (D.S.D. 2007) (dismissing application for writ of mandamus on initial review where petitioner only sought to stop his criminal prosecution in state court); *Craigo v. Hey*, 624 F.Supp. 414, 416 (S.D. W.Va. 1985) (sua sponte dismissal of petition for writ of mandamus).

Even if Seifert's Petition for Writ of Mandamus might be liberally construed as a complaint for injunctive relief filed under 42 U.S.C. § 1983, to redress alleged deprivations of rights guaranteed by the United States Constitution,[3] it appears from the face of the pleading that there is a bar to relief because all claims and issues raised in this action have been adjudicated by the Nebraska Supreme Court. Seifert alleges:

> 20. On December 30, 2015, Petitioner filed a Petition for Writ of Mandamus with the Nebraska Supreme Court, under Docket # S-17-000165, seeking mandamus to compel the Douglas County Court and Kleine to take action on Petitioner's repeated requests for Final Disposition and Speedy Trial, as well as all other motions, pleadings, and filings submitted to the Court and Kleine.

---

[3] Seifert claims the County Attorney violated his "rights to due process and speedy trial, ... directly contrary to the United States Constitution, Fifth, Sixth, and Fourteenth Amendments," and has denied him "due access to the Courts of the State of Nebraska, by [o]rdering and requiring the Douglas County Clerk to not file [Siefertt's motions]." (Filing 1, ¶¶ 28, 29).

21. On February 9, 2017, the Nebraska Supreme Court denied the Petition for Mandamus.

22. As such, as of February 9, 2017, Petitioner has fully exhausted all available State remedies, and has pursued relief, and presented all issues hereinafter presented, to all levels of the Nebraska State Courts.

(Filing 1, p. 5).

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *In re Athens/Alpha Gas Corp.*, 715 F.3d 230, 235 (8th Cir. 2013) (quoting *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984)). Claim preclusion bars the relitigation of a claim that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action. The doctrine rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause. *Hara v. Reichert*, 843 N.W.2d 812, 816 (Neb. 2014). Issue preclusion bars the relitigation of a finally determined issue that a party had a prior opportunity to fully and fairly litigate. Issue preclusion applies where (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. Issue preclusion applies only to issues actually litigated. Issue preclusion protects litigants from relitigating an identical issue with a party or his privy and promotes judicial economy by preventing needless litigation. *Id.*

Because Seifert's allegations indicate all requirements for claim preclusion and issue preclusion (collectively, "res judicata") are satisfied, a § 1983 action cannot be maintained. *See C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012) (claim preclusion can provide basis for dismissal for failure to state a claim upon which relief can be granted if the defense is apparent from the face of the complaint, which includes public records, materials embraced by the complaint, and materials attached to the complaint); *Fraction v. Rookstool*, No. 8:17CV292, 2017 WL 3726746, at *4 (D. Neb. Aug. 28, 2017) (dismissing action on initial review based on prior state court litigation); *see also* 52 Am. Jur. 2d *Mandamus* § 469 ("As to issues actually determined by a judgment in a mandamus proceeding, the judgment is conclusive, thus precluding the parties from relitigating the same issues, and the same is true as to issues necessarily determined in the judgment. It has been held that a judgment in mandamus also precludes the litigation of issues which could have been raised and resolved in the prior proceeding, but were not in fact resolved, at least where the cause of action in the prior mandamus action is identical to that in the later action in which the res judicata effect of the judgment in the mandamus suit is invoked."); *cf. Hanig v. City of Winner*, 527 F.3d 674, 676-77 (8th Cir. 2008) ("Like the district court, we have no doubt that the Supreme Court of South Dakota would hold that the differences between mandamus and § 1983 actions are insufficient to prevent res judicata from barring § 1983 damage claims that could have been raised in a prior mandamus action.").

## IV. CONCLUSION

Seifert's Petition for Writ of Mandamus is subject to dismissal on initial review for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The court finds it would be futile to grant Seifert leave to amend because the allegations of the Petition show that even a § 1983 action would be barred by the doctrine of res judicata.

Accordingly,

IT IS ORDERED:

1. This action is dismissed without prejudice.

2. Judgment shall be entered by separate document.

DATED this 29th day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge